Reginald Turner and Marie Terrell Turner v. Commissioner.
Turner v. Commissioner
Docket No. 41763.
United States Tax Court
T.C. Memo 1954-38; 1954 Tax Ct. Memo LEXIS 207; 13 T.C.M. (CCH) 462; T.C.M. (RIA) 54142; May 13, 1954, Filed *207 Reginald Turner, 637 South Hawthorne Road, Winston-Salem, N.C., pro se. George W. Calvert, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $388.96 in the income tax of the petitioners for 1948. The only question for decision is the amount which should be included in income because of the winning by Reginald of steamship tickets by answering a question on a radio program. Findings of Fact The petitioners are husband and wife who filed a joint return for 1948 with the collector of internal revenue for the District of North Carolina. They reported salary of $4,535.16 for 1948. Reginald, whose name had been selected by chance from a telephone book, was called on the telephone on April 18, 1948 and was asked to name a song that was being played on a radio program. He gave the correct name of the song and then was given the opportunity to identify a second song and thus to compete for a grand prize. He correctly identified the second song and in consideration of his efforts was awarded a number of prizes, including two round trip first-class steamship tickets for a cruise between New York City *208 and Buenos Aires. The prize was to be one ticket if the winner was unmarried, but, if he was married, his wife was to receive a ticket also. The tickets were not transferable and were good only within one year on a sailing date approved by the agent of the steamship company. The petitioners reported income on their return of $520, representing income from the award of the two tickets. The Commissioner, in determining the deficiency, increased the income from this source to $2,220, the retail price of such tickets. Marie was born in Brazil. The petitioners had two sons. Reginald negotiated with the agent of the steamship company, as a result of which he surrendered his rights to the two first-class tickets, and upon payment of $12.50 received four round trip tourist steamship tickets between New York City and Rio de Janeiro. The petitioners and their two sons used those tickets in making a trip from New York City to Rio de Janeiro and return during 1948. The award of the tickets to Reginald represented income to him in the amount of $1,400. Opinion MURDOCK, Judge: Persons desiring to buy round trip first-class tickets between New York and Buenos Aires in April 1948, similar *209 to those to which the petitioners were entitled, would have had to pay $2,220 for them. The petitioners, however, were not such persons. The winning of the tickets did not provide them with something which they needed in the ordinary course of their lives and for which they would have made an expenditure in any event, but merely gave them an opportunity to enjoy a luxury otherwise beyond their means. Their value to the petitioners was not equal to their retail cost. They were not transferable and not salable and there were other restrictions on their use. But even had the petitioner been permitted to sell them, his experience with other more salable articles indicates that he would have had to accept substantially less than the cost of similar tickets purchased from the steamship company and would have had selling expenses. Probably the petitioners could have refused the tickets and avoided the tax problem. Nevertheless, in order to obtain such benefits as they could from winning the tickets, they actually took a cruise accompanied by their two sons, thus obtaining free board, some savings in living expenses, and the pleasure of the trip. It seems proper that a substantial amount should *210 be included in their income for 1948 on account of the winning of the tickets. The problem of arriving at a proper fair figure for this purpose is difficult. The evidence to assist is meager, perhaps unavoidably so. The Court, under such circumstances, must arrive at some figure and has done so. Cf. . Decision will be entered under Rule 50.